**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE T. BELL,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; STEVEN
DORCH, Assistant District Attorney,
Oklahoma County; ASST. D.A.
MORRISON, Assistant District
Attorney, Oklahoma County; JOHN
DOES, Public Defenders;
OKLAHOMA COUNTY DISTRICT
JUDGES, COUNTY CRIMINAL
DISTRICT JUDGES,

      Defendants - Appellees.

No. 98-6260
(D.C. No. 98-CV-82)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Joe T. Bell, appearing pro se, has filed this case pursuant to 42 U.S.C. §

1983, alleging denial of his constitutional rights. Bell is attempting, inter alia, to

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

hold liable two Oklahoma district attorneys, a judge, and his public defender for allegedly conspiring to coerce a jury into convicting him of assault with a deadly weapon and recommending a sentence of fifty years imprisonment. The district court referred this matter to a magistrate judge, who recommended that the district court dismiss all claims as frivolous. Bell took issue with this recommendation only with respect to the claim of jury tampering. The district court reviewed this claim de novo and proceeded to adopt the magistrate's recommendations.

Failure to object to a magistrate judge's findings of fact and conclusions of law waives the right to appeal those issues. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). The magistrate clearly informed Bell of the consequences of not making timely objections. See id. (holding waiver applicable to pro se litigant only when magistrate judge has informed litigant of consequences of failure to object). Consequently, we only review the district court's dismissal of the § 1983 claims of jury tampering against prosecutors, judge, and public defender.

The district court dismissed appellant's claim as frivolous pursuant to 28 U.S.C. § 1915A, adopting the magistrate's conclusions that the prosecutors and judge were entitled to absolute immunity for their prosecutorial and judicial functions, see, e.g., Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial

- 2 -

immunity); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978) (judicial immunity); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 424-25 (1976) (prosecutorial immunity), and that the public defender is not subject to § 1983 liability because her actions as a defense attorney are not "under color of state law," <u>see</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Upon review of the facts and applicable law, we affirm for substantially the reasons set forth by the district court.  We consider this appeal frivolous; therefore it is considered a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

**AFFIRMED.**  The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge